United States District Court
Southern District of Texas
**ENTERED**
August 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATI RESTORATION, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-00872 |
| | § | |
| FRANK C. CSERNIK and ROADRUNNER | § | |
| RESTORATION COMPANY, LLC, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER AND PRELIMINARY INJUNCTION

The Court previously granted in part the Application for a Preliminary Injunction (Doc. No. 1) filed by Plaintiff ATI Restoration, LLC ("Plaintiff" or "ATI"). (Doc. No. 22).

A preliminary injunction is an extraordinary remedy that should only be granted if the movant has clearly carried the burden of persuasion on all four factors. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). The movant need not prove its entire case. *Lakedreams v. Taylor*, 832 F.2d 1103, 1109 (5th Cir. 1991). The Court, having found that Plaintiff has carried its burden for the reasons set forth in the accompanying Order, (Doc. No. 22),[1] hereby sets out the following terms of a preliminary injunction.

It is **ORDERED** that Defendants Frank C. Csernik ("Csernik") and Roadrunner Restoration Company, LLC ("Roadrunner") (collectively, "Defendants"), and all those in active concert with either or both of them, are prohibited from, directly or indirectly, using or disclosing ATI's confidential, proprietary, and/or trade secret information, including but not limited to lists,

---

[1] As the Court noted in the accompanying Order, at the preliminary injunction hearing, Defendants stated that they were unopposed to the Court's entry of an injunction prohibiting Defendants from using ATI's confidential and proprietary information. (Doc. No. 22, at 6). To that extent, the Court granted in part Plaintiff's Application for a Preliminary Injunction and stated that the precise terms of the injunction would be issued therewith. (*Id.* at 12).

research, and other information relating to clients, prospective clients, and referral sources, and relating to marketing and sales strategies, sales scripts, strategic plans and business methods, pricing, coding and billing information, bid information, information relating to compensation of other employees, software, computer programs, inventions, processes, formulas, protocols, engineering, designs, hardware configurations, programming interfaces, technical data, research, protocols, trade secrets, technology, services, processes, data, techniques, inventions (whether patentable or not), works of authorship, and other information concerning the Company's actual or anticipated business, research or development, and other confidential or proprietary information, which relates to ATI's business.

The Court has considered the issue of security as per Rule 65(c) of the Federal Rules of Civil Procedure. It finds that neither Defendant will suffer any financial loss that warrants the need for Plaintiff to post further security. The Fifth Circuit has held that the district court has the discretion to "require no security at all" and this Court exercises that authority and orders a minimal bond. *See e.g., Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996); *see also Corrigan Dispatch v. Casa Guzman, S.A.*, 569 F.2d 300 (5th Cir. 1978). The $5,000 bond condition this Court previously ordered is hereby continued. *See* (Doc. No. 7, at 3) (TRO).

The parties are **ORDERED** to meet and confer to formulate a plan to govern this case through its conclusion. This proposed plan should be filed by August 29, 2022. The Court will thereafter schedule a conference call to discuss an appropriate scheduling order.

Signed at Houston, Texas, this 1st day of August, 2022.

Andrew S. Hanen
United States District Judge